**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3832-21

TAMEKO SAWYER,

     Plaintiff-Appellant,

v.

RANDY C. LUCAS, HICKS
PAVING, LLC, and HICKS
SEPTIC & PORTABLE
TOILETS, LLC,

     Defendants-Respondents.

_____

Argued December 5, 2023 – Decided January 11, 2024

Before Judges Whipple, Mayer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-3880-17.

Michael James Confusione argued the cause for appellant (Hegge & Confusione, LLC, attorneys; Michael James Confusione, of counsel and on the briefs).

Michael J. Marone argued the cause for respondents (McElroy, Deutsch, Mulvaney & Carpenter, LLP,

attorneys; Michael J. Marone, of counsel and on the brief; Sandra D. Lovell, on the brief).

PER CURIAM

Plaintiff, Tameko Sawyer, appeals the denial of her motions for a new trial on damages or additur. At the conclusion of trial, the trial court explained plaintiff's motions were untimely and, even on the merits, the jury's verdict did not shock the conscience. We affirm.

On June 17, 2016, plaintiff suffered an injury to her neck, lower back, and shoulder. Defendant Randy Lucas was driving a tractor-trailer owned by defendant Hicks Paving, LLC and Hicks Septic & Portable Toilets, LLC (collectively defendants). Plaintiff and Lucas were traveling on Route 78, when the truck moved into plaintiff's lane, striking her car, causing it to slam into the guardrail. The Emergency Medical Technician (EMT) who responded to the scene documented plaintiff's vehicle had minor damage. Plaintiff refused transport to the hospital and when initially examined at the scene only complained of head pain. Plaintiff did tell the EMT she had a previous back injury.

After the accident, plaintiff went to the hospital where she was evaluated for head, neck, and back injuries. She suffered disc herniations and bulges in her neck and underwent five separate surgeries.

2

On June 23, 2017, plaintiff filed a complaint then an amended complaint naming defendants. The trial began on May 31, 2022.

During trial, defendants filed in limine motions to exclude admission of plaintiff's Day in the Life video and her recently supplied supplemental discovery. The court barred both.

Plaintiff testified she first experienced pain in her head following the accident. She also testified she left the hospital before being fully evaluated. Plaintiff, along with treating physicians, testified about the conservative pain management she underwent for an older, unrelated back injury. Throughout the trial, the parties and their experts disagreed about the genesis of plaintiff's back injury and whether it was caused or exacerbated by the accident.

The jury found defendants' negligence proximately caused the accident and plaintiff's injuries. The jury awarded $400,000 in damages.

Plaintiff moved for a new trial on damages or additur, which the court denied on procedural and substantive grounds. The trial court rendered its oral decision noting the motion had been filed three days late but considered its merits. The court concluded the jury's verdict did not shock the conscience, the jury was properly advised as to the information it could consider as evidence, took notes, and based on the evidence, weighed the facts, deliberated, considered

A-3832-21

the information, and arrived at the damages award. The court also rejected the argument the award was manifestly unjust. This appeal followed.

We review a trial court's decision on a motion for additur under an abuse of discretion standard. Tronolone v. Palmer, 224 N.J. Super. 92, 104 (App. Div. 1988). The same standard is used when a trial court admits or excludes evidence as we grant substantial deference to a trial court's discretion on evidentiary rulings. Griffin v. City of East Orange, 225 N.J. 400, 413 (2016).

Plaintiff first argues the court should have allowed the jury to observe her Day in the Life video as it was relevant, probative, and accurately represented the impact of her injuries. She argues the trial court misapplied N.J.R.E. 401 and 403 and did not properly weigh the evidence nor consider its relevancy.

The barred video was five minutes long and recorded about a year and a half after the sustained injuries, but just eight days after she had back surgery and still required significant assistance with activities of daily living. Plaintiff argues the video was relevant to support her claim for future medical costs and the pain, suffering and loss of enjoyment she endured.

We apply an abuse of discretion standard to questions of whether the probative value of evidence is "substantially outweighed by its prejudicial nature" under Rule 403. Green v. N.J. Mfrs. Ins. Co., 160 N.J. 480, 492 (1999).

Under N.J.R.E. 403 "relevant evidence may be excluded if its probative value is substantially outweighed by the risk of: (a) undue prejudice, confusion of issues, or misleading the jury; or (b) undue delay, waste of time, or needless presentation of cumulative evidence."

Day in the Life videos are permitted when a trial court finds them relevant, probative, and an accurate representation of injuries. Robert Schiavo v. Owns-Corning Fiberglas Corp., 282 N.J. Super. 362, 368 (App. Div. 1995). Plaintiff argues the video was necessary to demonstrate her difficulty in day-to-day activities and the inability to present it deprived her the right to show the jury evidence of pain and suffering.

Plaintiff's argument is unavailing. In our view, the trial court did not abuse its discretion in excluding the videotapes. In Schiavo, we stated that in addition to being relevant and probative, the videotape needs to be "an accurate representation of the impact of the injuries upon the subject's day-to-day activities." 282 N.J. Super. at 368.

Unlike in Schiavo, where the injuries rendered the victim unable to function, plaintiff's video was taken during her recuperation from a surgery, instead of day-to-day life post-accident. As such, the trial court here, did not err finding the focus of the videotape was plaintiff's recovery from surgery as

opposed to her day-to-day life and was not an accurate representation of the continued impact of her injuries. Plaintiff testified during the trial regarding the extent of her injuries as a result of the accident and the impact of those injuries.

Plaintiff next argues the trial court abused its discretion precluding recent amendments to discovery[1] and not allowing her to present updated medical information at trial. She contends the updated medical records were not a surprise, and this information did not prejudice defendants' ability to respond, and the evidence was pivotal. She argues the trial court's decision, declining to allow the discovery, significantly limited her ability to present her claim for damages.

A trial court's discretion in excluding evidence is broad. State v. Sands, 76 N.J. 127, 144 (1978). The decision to exclude must stand unless it is so erroneous that a "manifest denial of justice resulted." Ratner v. Gen. Motors Corp., 241 N.J. Super. 197, 202 (App. Div. 1990). Discovery ended September 3, 2021, and defendants received the supplemental discovery on May 19, 2022. The amended records were dated before February 16, 2021, and March 14, 2022. Plaintiff filed a certification of due diligence. The court denied the request

---

[1] There were twelve discovery extensions and nine trial adjournments due to the pandemic.

stating Rule "4:17-7 requires amendments to be served not later than [twenty] days prior to the end of discovery or thereafter only if the party seeking to amend certifies therein that the information . . . was not reasonably available or discoverable by the exercise of due diligence prior to the discovery end date." The trial court noted there had been "plenty of opportunity . . . as it pertains to the 2021 records to have gotten them to opposing counsel prior to two weeks ago." Based on our review, we discern no abuse of discretion in the trial court's granting the motion in limine precluding the presentation of additional records at trial.

Finally, plaintiff contends the trial court abused its discretion in denying the motion for a new trial or additur because the verdict was against the weight of the evidence such that it constituted a clear miscarriage of justice. She avers given all her injuries and prolonged treatment, obtaining a verdict of only $400,000 in total damages was shockingly low and disregarded plaintiff's and treating provider's testimony. Moreover, plaintiff claims when considering her total medical bills incurred and owed—more than $600,000—the jury award is disproportionate, especially for covering future medical expenses.

We review additur motions under an abuse of discretion standard. Tronolone, 224 N.J. Super. at 104. We will also not reverse a trial court's

A-3832-21

decision to deny a motion for a new trial "unless it clearly appears that there was a miscarriage of justice under the law." R. 2:10-1. Additionally, "the standard for granting a new trial . . . is necessarily high." Johnson v. Scaccetti, 192 N.J. 256, 281 (2007). A new trial or remitting a jury's damages award will not be ordered "unless it is so clearly disproportionate to the injury . . . that it may be said to shock the judicial conscience." Caicedo v. Caicedo, 439 N.J. Super. 615, 628 (App. Div. 2015). We give "due deference to the trial court's feel of the case." Jastram v. Kruse, 197 N.J. 216, 230 (2008) (citations omitted). In addition, a jury's verdict "is cloaked with a presumption of correctness." Cuevas v. Wentworth Grp., 226 N.J. 480, 501 (2016) (citations omitted).

Notably, the motion for additur and new trial was filed three days out of time. Rule 4:49-1(b) requires a motion not be served more than twenty days after the verdict is returned. Notwithstanding the untimeliness, the trial court also addressed the motion on its merits and found "in looking at the totality of the evidence and considering the jury's questions again and the verdict, [the court] finds that it was, in fact, appropriate[,] [a]nd it appears just."

The trial court found that given the contested testimony, the jury believed some of what each party said. Therefore, the trial court was satisfied the jury appropriately considered the information, competing arguments and arrived at a

8

"reasoned judgment that is in fact based upon the evidence before them, and the [c]ourt does not find that the damages were so disproportionate such to shock the conscience or to be manifestly [u]njust."  We discern no abuse of discretion.

Any remaining arguments raised by plaintiff are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3832-21